COGLEY et al. v. WELCH et al. (No. 8243.)

Court of Civil Appeals of Texas. San Antonio.
July 3, 1929.

Rehearing Denied Oct. 9, 1929.

Pope, Pope, Valdez & Pope, of Laredo, Dodson & Ezell, Gaines & Gaines, and Quin & Harley, all of San Antonio, for appellants.

Seale & Denman, of Nacogdoches, Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and Mann, Neel, & Mann, N. A. Rector, R. D. Wright, and W. W. Winslow, all of Laredo, for appellees.

COBBS, J. Appellants filed this suit against appellees for the purpose of having themselves declared the heirs at law of Thomas F. Farrell, deceased, as a basis for a demand upon the executors for the delivery of the estate to them.

Thomas F. Farrell died in Webb county, Tex., on or about the 14th day of May, 1900, leaving a last will and testament creating M. T. Cogley and Albert Urbahn his independent executors. The will was duly probated in Webb county, and said independent executors duly qualified as such.

The will of Thomas F. Farrell, after providing for a number of special legacies, left the residue of his estate to his executors in trust, first, to be paid over to his brother John W. Farrell, provided he was living five years after the date of the death of Thomas F. Farrell, if in the judgment of said executors the said John W. Farrell was capable of managing and caring for such estate; and further provided that, in the event of the death of his said brother John W. Farrell within five years after the death of Thomas F. Farrell, then the said executors should hold the residue of his estate and administer the same until such time as heirs at law under the statutes of descent and distribution should claim the same, but expressly providing that such heirs at law should inherit all of said estate remaining after the payment of the special legacies.

John W. Farrell died intestate and without issue in 1903, leaving, however, a widow, who instituted suit against such independent executors, asserting the ownership by inheritance of such estate. On the trial of that cause, judgment was rendered against the widow of John W. Farrell, and that judgment was affirmed by the Court of Civil Appeals, 146 S. W. 315.

The unknown heirs, if any, of Thomas F. Farrell, were made parties defendant and duly cited under the terms of such statute by publication and the defendants in this cause other than the independent executors filed answers or intervened, asserting their rights as heirs at law under the terms of such will.

The cause was tried before the county court of Webb county, Tex., on the 24th day of May, 1927, and resulted in a judgment in favor of appellants declaring them heirs at law, on the maternal side, of Thomas F. Farrell, deceased, and in favor of the defendants Judith Butler et al., declaring them the heirs at law of the said Tomas F. Farrell, deceased, on the paternal side, and against the defendants John Walsh et al., and declaring that they were not heirs at law of Thomas F. Farrell, deceased.

Prior to the trial in the county court, M. J. Raymond, Esq., was duly appointed attorney ad litem for the unknown heirs and acted for them at all times thereafter in this cause. The county court sustained a plea of Cogley and Urbahn setting out a misjoinder of parties in so far as such executors were concerned on the ground that they were not necessary parties to such proceeding.

The defendants John Walsh et al. duly filed exceptions to the judgment of the county court, and gave notice of appeal to the district court of Webb county, and in due time perfected said appeal. Thereafter Cogley and Urbahn, executors of the estate of Thomas F. Farrell, deceased, filed amended answers in said cause and actively participated in the trial, and said cause was duly tried before the district court of Webb county, beginning on the 13th day of December and continuing to the 21st day of December, 1928; all parties at interest waiving a jury and submitting the matters in controversy to the court.

We have carefully examined the pleas and pleading of the executors M. T. Cogley and Albert Urbahn, claiming to be the testamentary trustees. It may be said that they are testamentary trustees, but in fact are acting as executors under the terms of the will which controls their actions, for otherwise they have no interest in the estate except to carry out the trust imposed upon them by the terms of the will.

So it may be said of Gordon Gibson, the amicus curiæ, who was acting in accordance with the orders of the court as well as that of M. J. Raymond, who was appointed as attorney by the court to represent the unknown heirs.

This is a voluminous record, involving issues of fact and heirship, containing many assignments and propositions contended for by the respective very able lawyers on both sides. Without going into and without discussing the same separately, after a thorough examination thereof, we have reached the conclusion that the findings of the court are supported by the evidence, and do hereby approve the same and copy them as part of the opinion of this court:

"Findings of Fact and Conclusions of Law.

"In response to the request of Plaintiffs in the above entitled and numbered cause, I find, make and file the following as my findings of fact and conclusions of law therein.

"Findings of Facts.

"1. That Thomas F. Farrell died in Laredo, Texas, on the 14th day of May, 1900. That he was a son of John William Farrell and Bridgett Farrell. That his father, John William Farrell, died in Laredo, Texas, in December, 1868, and that his mother, Bridgett Farrell, died in Laredo, Texas, in the year 1897.

"2. That John William Farrell. the father of Thomas F. Farrell, was born in Kilkenny, Ireland, about the year 1829, and he immigrated to the United States of America when about twenty years of age, and joined the United States Army in 1849, in the State of New York and remained in the Army until a short time before his death; that he married Bridget Walsh at Ft. Cavitt, Texas, about the year 1853, and that the following children, which were the only children, were born to them by said marriage, viz.: Mary Farrell, 1856, John William Farrell, 1859, Thomas F. Farrell, 1863, and Ellen Farrell, 1865, that all of said children died without issue and died prior to the death of Thomas F. Farrell, except John William Farrell, a brother of Thomas F. Farrell, who died in Lockhart, Texas, in the year 1903. That Bridget Walsh Farrell, the mother of Thomas F. Farrell, was born in Mayo County, Ireland, about the year 1835 and immigrated to the United States for America when a young girl.

"3. That the father of the said John William Farrell, who joined the United States Army, was Michael Farrell and his mother was Anne Farrell before she married the said Michael Farrell; that Michael Farrell and Anne Farrell had three children and only three children born to them, namely, James Farrell, Kate Farrell and John Farrell, who later took the name of John William Farrell. That the mother of said three children died and their father married a second time to Bridgett Brennan, and that one child was born to them by said marriage, namely, Michael Farrell, who was born about the year 1833 in Ireland, and died in Ireland in 1900. That James Farrell and Kate Farrell immigrated to the United States and died here without issue.

"4. That Michael Farrell, the half brother of John William Farrell and half uncle of Thomas F. Farrell was married to Kate Slattery about the year 1852 and had three children, and only three children, by said marriage, namely Judith Butler, who married Richard Butler, and said husband died in 1927, and a son named William, who died in infancy, and a son, named Michael Farrell, who married Mary Caroll, and by said Marriage had eight children, which were the only children born to him, namely, Michael Farrell, Joseph Farrell, Dennis Farrell, Mary Ellen Farrell, Katherine Farrell, Christina Farrell, Patrick Farrell, and Alfred Farrell, all of whom are living. That said Michael Farrell, father of said children, was never married but once and died in 1916, and his wife is also dead, and that Judith Butler and Michael Farrell, Joseph Farrell, Dennis Farrell. Mary Ellen Farrell, Katherine Farrell, Christina Farrell, Patrick Farrell and Alfred Farrell are the heirs and only heirs of Thomas F. Farrell, deceased, on the paternal side.

"5. I find that the mother of Thomas F. Farrell, deceased, whose estate is in issue in this case, was Bridgett Walsh Farrell, and she died at Laredo, Texas, on March 17, 1897. She married John William Farrell, the father of said Thomas F. Farrell, in about 1853. The mother of Bridgett Walsh was Nancy Fahey, and her father was John Walsh. Of this marriage of John Walsh with Nancy Fahey there were five children born, namely, Winnie, who died in infancy, Patrick who died unmarried and without issue, James, who died unmarried and without issue, and Bridgett, who is mentioned as the mother of Thomas F. Farrell, deceased, Edward, who married Annie Beldon and left descendants, who are the sole and only heirs at law on the maternal side of the said Thomas F. Farrell, deceased. Descendants of Edward Walsh were as follows: Ellen, who died unmarried and without issue, Julia, who died unmarried and without issue, John Walsh, one of the claimants who resides in Mayo County, Ireland, Michael Farrell, who died in Scranton, Pa., on the 15th day of November, 1914 or 15, testate, having devised his estate unto his children, George Walsh and Julia Walsh, charged with the life estate of the surviving wife, Michel Walsh, and three legacies of $50.00 each, payable to Maggie, Nellie and Lillie Walsh, of Scranton, Pa., and another child of the said Edward Walsh and Annie Beldon, namely, Honor Walsh, who married James Murtaugh (sometimes called

Murtha) both of whom are dead, survived by the following descendants, two grandchildren, namely Thomas James and Mary James, minors, (who were the children of Mary Murtaugh and Christy James, both deceased).

"Margarett Lavelle, a claimant, Michael Murtaugh, a claimant, James Murtaugh, a claimant, and John Murtaugh a claimant, all living at Scranton, Pa.

"6. I find that none of the plaintiffs are heirs of Thomas F. Farrell, deceased, and that Bridgett Welch, under whom said plaintiffs claim, was not related to Thomas F. Farrell, deceased, and was not the wife of John William Farrell, and that the said Bridgett Welch, under whom said plaintiffs claim was not born in Ireland.

"7. I find that John William Farrell, the brother of Thomas F. Farrell, married a woman by the name of Petra, September 14, 1897, in Caldwell County, Texas, and that they lived together as husband and wife in that county until his death on July 21, 1903, and that he died intestate leaving no children surviving him and leaving the said Petra Farrell as his only heir; that before the death of Thomas F. Farrell his father and mother had died and that he left no brother or sister nor other descendants surviving him, except his brother, John W. Farrell, and that Petra C. Farrell never had any child or children.

"8. The will of Thomas F. Farrell, deceased, after various bequests not necessary to mention reads as follows:

"'Item 6. I give, devise and bequeath to my said executors, M. T. Cogley and Albert Urbahn, all the rest and residue of my estate, real, personal and mixed, of every kind and nature, to have and to hold and to manage and control and dispose of the same in trust for the use and benefit of my brother, John W. Farrell, in the manner following, viz:

"'(1) I desire my executors to sell the remaining goats belonging to my estate after delivering to Geronimo Cruz the seven hundred head mentioned in item 4 hereof; and also to sell any and all other live stock belonging to my estate and to rent out the ranch lands until such time as said lands may be sold or otherwise disposed of as hereinafter provided.

"'(2) My executors are hereby authorized to sell the ranch land and any other real or personal property belonging to my estate whenever they shall deem it to the best interests of the estate to make such sale or sales, with full authority to execute and deliver good and sufficient deeds of conveyance of any and all such property, and to loan out the proceeds of such sales as well as any other money on hand not herein otherwise disposed of, at interest upon good real estate security.

"'(3) I direct that my said executors pay over to my said brother John W. Farrell, monthly, the net revenues of my estate derived from rents and interest, after deducting taxes, insurance, cost of repairs and other expenses including the usual commissions.

"'Item 7. At any time after five years after the date of my decease my executors are hereby authorized to convey and deliver to my brother, John W. Farrell, in fee simple all property and assets then in their hands or under their control belonging to my estate; provided that in their opinion the said John W. Farrell shall then be capable of managing the same prudently and that it will then be to his interest to have control of the same, of which facts my said executors shall be the sole judges.

"'Item 8. In case of the marriage of my said brother, John W. Farrell, at any time while my said executors are in charge of my estate, and he desires to occupy lots Six (6) and Seven (7) in Block Sixty-two (62) and the improvements thereon, in the Western Division of the City of Laredo, as his place of residence, and the same shall not have been previously sold, shall permit him to so occupy the same free of rent or other charges or expenses so long as he shall desire to occupy the same.

"'Item 9. In case of the death of my said brother John W. Farrell, within five years after my decease, or at any time thereafter and before the conveyance and delivery to him of the property and assets of my estate by said executors, it is then my will and I hereby direct that my said executors shall then dispose of said property and assets as follows:' Then follow several provisions for payment of certain sums to pastors of churches and a sum to be invested for the care of cemetery lot, after which comes this item: 'Hold the rest and residue of my estate subject to the order of my heirs at law according to the laws of descent and distribution of the State of Texas, and continue to manage the same until my heirs shall request delivery and conveyance to them.'

"That said will was duly probated in the County Court of Webb County, Texas, and that the estate of this time consists of only money and that no final disposition of said estate has been made in said county court where said proceedings were last pending, and that said money belonging to said estate is now in Laredo, Webb County, Texas, in the hands possession and control of M. T. Cogley and Albert Urbahn under and by virtue of the authority in said will and the probate thereof, and that all costs and debts of said estate, have been paid.

"9. That Claimant, Fred C. Malone, who claims under a power of attorney from Petra C. Trujillo, formerly Petra C. Farrell, has no interest in the Estate because Petra C. Farrell has no interest therein and he is not an heir of Thomas F. Farrell, deceased.

"10. I find that there are no unknown heirs of Thomas F. Farrell, deceased, and that the-

persons named in paragraph four of these findings of fact are the only heirs on the paternal side and the persons named in paragraph five as heirs on the maternal side of Thomas F. Farrell, deceased, are the only heirs on the maternal side.

## "Conclusions of Law.

"1. I conclude that since Judith Butler is a first cousin of Thomas F. Farrell, deceased, on the paternal side and that Michael Farrell, Joseph Farrell, Dennis Farrell, Mary Ellen Farrell, Katherine Farrell, Christine Farrell, Patrick Farrell and Alfred Farrell are the children of Michael Farrell, who was a first cousin of Thomas F. Farrell, deceased, on the paternal side, and that said above named nine persons are the next of kin to said Thomas F. Farrell, deceased, on the paternal side and are entitled under the law to one half of the estate of the said Thomas F. Farrell, deceased, in the proportions stated in the judgment.

"2. I conclude, as a matter of law, that the descendants of Edward Walsh and Annie Beldon, hereinbefore named in paragraph five having been found by me to be the only heirs at law on the maternal side, of Thomas F. Farrell, deceased, are entitled to be declared as heirs at law, on the maternal side, to one-half of the Estate of said Thomas F. Farrell, deceased, in the proportions stated in the judgment.

"3. I conclude, as a matter of law, that at the death of John William Farrell, Jr., the brother of Thomas F. Farrell, deceased, the estate had not vested in him and therefore his widow, Petra C. Farrell, did not inherit any of the estate of Thomas F. Farrell, deceased; that after the death of Thomas F. Farrell, deceased, the said Petra C. Farrell was not one of his heirs. See opinion in Petra Farrell v. Cogley (Tex. Civ. App.) 146 S. W. 316.

"4. I conclude, as a matter of law, that Fred C. Malone is entitled to no interest in the Estate because Petra C. Trujillo, from whom he acquired the interest under power of attorney had no interest to convey.

"5. I conclude, as a matter of law, that the said plaintiffs, Susan A. Welch, Charles P. Welch, Chromo C. Welch, Lloyd Welch, Mattie Lee Welch, Jimmy Welch, Allene Smith, John T. Welch, W. W. Welch, James A. Welch, Madeline Hearn, G. A. Dromgole, Charles Dromgole, Sallie Tabor, Dan Connolly, Charles Connolly, George Connolly, Etta Holland, Maud Brinkley, Beulah McCoy and Phillip Dromgole, who claim as heirs of one Bridgett Welch are not entitled to be declared heirs at law by reason of the finding of fact hereinbefore named that the Bridgett Welch under whom they claim was not the wife of John William Farrell.

"J. F. Mullally,
"Judge 29th Judicial District of Texas."

The executors filed a motion for additional finding of facts, as follows:

"Motion for Additional Finding of Facts.

"Now come M. T. Cogley and Albert Urbahn, Independent Executors, and M. J. Raymond, attorney for unknown heirs, in the above styled and numbered cause, and move the Court to file, in addition to the conclusions of fact heretofore filed, the following additional Findings of Fact supplemental thereto, as follows, to-wit:

"I. I find that the Will of Thomas F. Farrell, deceased, was duly probated in Webb County, Texas, in 1900, and that the defendants, M. T. Cogley and Albert Urbahn, who are named in said Will as Independent Executors thereof, were appointed as such, immediately qualified and acted as such.

"II. I find that M. T. Cogley and Albert Urbahn, acting as Independent Executors of the Will of Thomas F. Farrell, deceased, paid off and discharged all debts and charges against the Estate and authorized by said Will.

"III. I find that M. T. Cogley and Albert Urbahn, acting as Independent Executors of the Estate of Thomas F. Farrell, deceased, are now holding, the residue of said Estate, which was reduced to cash, subject to the order of the lawful heirs, as provided by said Will.

"IV. I find that subsequent to the probating of said Will and the appointment and qualifications of M. T. Cogley and Albert Urbahn as Independent Executors of the Estate of Thomas F. Farrell, deceased, in 1900, that no other action with reference to said Estate was ever had or sought in the probate court of Webb County, Texas, until about 1920, when the proceeding from which this appeal is prosecuted was instituted in that Court, and that at that time said Executors were holding the residue of said Estate subject to the order of the lawful heirs, as provided in said will.

"V. I find that M. T. Cogley and Albert Urbahn as Independent Executors of the Estate of Thomas F. Farrell, deceased, in the years 1908 and 1910 caused search to be made in Ireland for the heirs of John Farrell and Bridgett Walsh, and to accomplish that purpose caused publications to be made in a number of newspapers published and circulated in Ireland in 1908 and 1909, stating that the heirs were sought of John William Farrell and of Bridget Walsh, his wife, both deceased, who had died in Laredo, Texas, giving the dates of their deaths, and that Bridget Walsh was born in the County of Mayo, and that John William Farrell was born in the County of Kilkenny and had served in the American Army, and that he was born about 1834 and she about 1835; and that said Executors employed an investigator to search for heirs in Ireland in 1910.

"VI. I find as a fact that as a result of search made by the Independent Executors for heirs there were about fifty different Walsh family claimants.

"VII. I find as a fact that among the Farrell family whose relationship was under investigation in 1910 were Judith Butler and Michael Farrell, father of the present Farrell claimants and brother of the present claimant Judith Butler, and that both stated their family connections to the investigator in 1910, and that in the opinion of the investigator and the Executors said claimants could not connect up. Nothing further was done at that time.

"VIII. I find as a fact that John Walsh and the father of the claimant George Walsh also stated their family connections as a result of the search made by the Executors in 1908, 1909 and 1910, and that in the opinion of the executors said claimants could not connect up. Nothing further was done at that time.

"IX. I find as a fact that Bridget Ronan and Louis Deady each sought to establish themselves as heirs in response to the search by the Executors in 1908, 1909 and 1910, and that both stated their family connections, and that in the opinion of the investigator and of the Executors said claimants could not connect up. Nothing further was done at that time.

"Wherefore, as to each several foregoing requested Findings of Fact, these defendants pray that the same be approved, found, signed and filed by the Court as supplemental Findings of Fact.

"Dodson & Ezell,

"Attorneys for Defendants, Executors.

"M. J. Raymond,

"Attorney for Unknown Heirs.

"The above motion is granted as to additional Findings numbered One to Six both inclusive; and Numbers Seven, Eight and Nine are modified and granted as above indicated to which modifications the defendants duly excepted.

."J. F. Mullally,

"Dist. Judge, 49th. Jud. Dist."

While the findings are very lengthy, they are very complete, and we do not think we could shorten them any and give a true or better history or family tradition than was done by the court.

There were many technical objections offered and presented against the testimony offered, which are not material, but the trial court who heard the testimony had the ability and learning to consider only relevant and material testimony and to discard that which was neither lawful nor material.

We think this case has been fairly tried, and, in the administration of rule 62a, it is affirmed.